UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISON

| | |
|---|---|
| In re: Subpoena Upon Kyra Hudson, Brandon Brezina, and Russell Werme, Jr. in action:<br><br>YETI Coolers, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>RTIC Coolers, LLC,<br><br>John Jacobsen, and<br><br>James Jacobsen,<br><br>      Defendants.<br><br>Case No. 1:15-cv-597-RP pending in the United States District Court for the Western District of Texas | Misc. Case No. _____ |

## MOTION TO TRANSFER OR QUASH NON-PARTY SUBPOENAS

This motion to quash involves several non-party subpoenas served in a case pending in the Western District of Texas but requiring compliance in this District. Though the subpoenas call for compliance in this District, this Court has discretion to allow the Court in the underlying action in the Western District of Texas to decide this motion. This is because non-parties Kyra Hudson, Brandon Brezina, and Russell Werme, Jr. (collectively the "Movants") subject to the subpoena hereby consent to, and request transfer of, this motion, under Fed. R. Civ. P. 45(f), to the United States District Court for the Western District of Texas, Austin Division, which is the

court that issued the subpoena. Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."). Transfer is appropriate because issues raised in this motion are also raised in a motion to quash non-party subpoenas pending in the Western District of Texas and a transfer will promote judicial economy, prevent inconsistent judicial decisions, and will not impose any meaningful burden on Defendants.

Should this Court decide not to transfer this motion, Movants move in the alternative, pursuant to Fed. R. Civ. P. 45(d)(3), to quash the subpoena for a deposition in this District served on each of them by Defendants in the underlying action—RTIC Coolers, LLC, John Jacobsen and James Jacobsen (collectively "RTIC")—because the subpoenas fail to allow a reasonable time to comply.

1. **Factual Background**

In the underlying action pending in the Western District of Texas, Plaintiff YETI Coolers LLC ("YETI") alleges, *inter alia,* that Defendants infringe YETI's trade dress, trademarks and patents relating to insulated coolers. (*See* Ex. 1, YETI's Second Amended Complaint, ECF No. 64 without exhibits). Discovery in the underlying action has been open for over a year, and the discovery cut-off date is approaching shortly on December 6, 2016. (Ex. 2, ECF No. 145, Scheduling Order). Trial is scheduled for February 2017, with dispositive, *Daubert*, and other briefing due between close of discovery and trial. (Ex. 2, ECF No. 145).

On November 21, 2016, Mr. Brezina was served with a non-party subpoena requesting a deposition to occur on December 5, 2016. (Ex. 3 Brezina Subpoena). On or about November

21, 2016, Ms. Hudson and Mr. Werme were served with non-party subpoenas requesting a deposition to occur on December 6, 2016.  (Ex. 4 Hudson Subpoena; Ex. 5 Werme Subpoena).

About these same dates, RTIC also issued subpoenas for depositions of five other non-parties requiring compliance on or before December 6 in four other jurisdictions, including in the court of the underlying action. (*See* Exs. 6-11). All of these non-parties will be filing motions to quash.  Earlier today, two of these non-parties filed a motion to quash subpoenas that require compliance in the Western District of Texas.  (Ex. 12, WDTX Motion to Quash).

RTIC knew about Messrs. Brezina and Werme and Ms. Hudson well before RTIC served them with subpoenas.  In July 2016, YETI filed a Response to an Office Action in the United States Patent and Trademark Office relating to a trade dress application that included a declaration from each of the subpoenaed individuals.  (Ex. 13, July 13, 2016 Response to Office Action, at 29, 63, 70).  Shortly thereafter, YETI produced a copy of the Response to RTIC during discovery.  In August 2016, RTIC filed a Letter of Protest against the trade dress application. (Ex. 14).  Notwithstanding RTIC's Protest, the Trademark Office published YETI's application for Registration.  (Ex. 15).  On August 25, 2016, RTIC filed an Opposition proceeding in the Trademark Office against YETI's trade dress application.  (Ex. 16.)

Despite knowing since this July that Mr. Brezina, Ms. Hudson, and Mr. Werme may have discoverable information, RTIC waited until the end of November and the close of fact discovery to serve them with subpoenas that required compliance eight or nine business days later, not including the intervening Thanksgiving holiday.

RTIC has moved multiple times for—and obtained—extensions of the discovery deadline.  At RTIC's request, the Western District of Texas court extended the pre-trial schedule, and admonished the parties that "no further delays will be granted." (Ex. 17, Sept. 13, 2016 Text

Order). Thereafter, RTIC sought another extension of the discovery deadlines (Ex. 18, ECF No. 128), which YETI opposed, (Ex. 18, 19, ECF Nos. 128, 130). Following referral to the Special Master, the parties compromised and the Western District of Texas court entered another Order extending the discovery deadline to December 6, 2016. (*See* Ex. 20, 2, ECF Nos. 141, 145).

In addition, Defendants have engaged in extensive deposition practice. Within the past three months, Defendants have now noticed at least thirty depositions in this case, including fact, expert, and third-party depositions.

2. **The Court Should Transfer this Motion to the Western District of Texas**

Rule 45(f) permits this Court to transfer a motion under Rule 45 to the court that issued the subpoena, which is the Western District of Texas. *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."). Transfer of this motion to the Western District of Texas is appropriate in this case, because the Movants, the persons subject to the subpoena, consent to the transfer.

Moreover, transfer is appropriate because of the exceptional circumstances presented. In addition to the three subpoenas referenced in this motion, RTIC issued subpoenas to five other non-parties dated November 17, 21, or 22, 2016 that required compliance in five different jurisdictions in early December. (*See* Ex. 6-11). A motion to quash the subpoenas requiring compliance in the Western District of Texas has been filed by two of the eight subpoenaed persons and will be ruled on by the court overseeing the underlying action. (Ex. 12). The issue presented in this motion to quash is primarily whether the subpoenas allow a reasonable amount of time for compliance under Fed. R. Civ. P. 45(d)(3) given the case schedule and prior history,

4

which is the same issue in the motion to quash pending in the Western District of Texas. This same issue will be presented in motions to quash in the other jurisdictions too, along with similar requests to transfer to the Western District of Texas. Transferring this motion (and the other motions) to the Western District of Texas will avoid the potential for inconsistent rulings on the various motions to quash, and will put the motions in front of a court already familiar with the underlying action, its timeline, and related facts.

Additionally, because the discovery RTIC seeks from non-parties comes at the very close of all discovery and not long from trial, resolution of this motion could disrupt the case schedule entered by the Western District of Texas. This fact also supports transfer, as noted in The Committee Notes on Rules – 2013 Amendment: "In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *See also Valle del Sol, Inc. v. Kobach*, No. 14-mc-219, 2014 WL 3818490, at *4 (D. Kan. Aug. 4, 2014) (transferring motion to quash where similar issues arose in discovery in multiple districts thereby creating risk of inconsistent rulings).

For all of these reasons, and with their consent, the Movants request the transfer of this motion to the Western District of Texas.

3. **In the Alternative, The Subpoenas Which Require Compliance in Eight to Nine Business Days After Service, Fail to Allow a Reasonable Time for Compliance and Must be Quashed**

If this Court does not transfer this motion, the subpoenas should be quashed. "On timely motion, the court for the district where compliance is required ***must*** quash or modify a subpoena that: (i) fails to allow a reasonable time to comply …." Fed. R. Civ. P. 45(d)(3)(A) (emphasis

added).[1] Rule 45 does not specify the number of days prior to a deposition that a subpoena must be served in order to "allow a reasonable time to comply," however courts generally assume that a minimum of fourteen days after service is required, because the deadline for objecting to subpoenas is fourteen days after service. *See, e.g., Verisign, Inc. v. XYZ.com, LLC,* No. 15-mc-175, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015); *Hall v. Louisiana,* No. 12-657-BAJ, 2014 WL 1652791 (M.D. La. Apr. 23, 2014)*; Brown v. Hendler,* No. 09-CIV-4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011); *TRI Investments, Inc. v. Aiken Cost Consultants, Inc.*, No. 2:11cv4, 2011 WL 5330295, *1 (W.D.N.C. Nov. 7, 2011). *See also* Fed. R. Civ. P. 45(d)(2)(B).

Courts routinely quash subpoenas that allow less than fourteen days for compliance after service. *See e.g., Ike-Ezunagu v. Deco, Inc.*, No. RWT-09-526, 2010 WL 4822511, at *2 (D. Md. Nov. 22, 2010) ("eight days' notice [of deposition] does not provide these individuals with 'reasonable time to comply.'"); *Memorial Hospice, Inc. v. Norris*, No. 2:08cv48, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (eight days' notice for deposition not reasonable); *Jordan v. Comcast Cable Comm'ns Mgt.*, No. 1:14-cv-3622, 2016 WL 5899314, *1 (N.D. Ga. Oct. 11, 2016) ("subpoena, served a week before the hearing and before a three-day holiday weekend, fails to allow a reasonable time to comply"); *Fid. & Guar. Life Ins. Co. v. United Advisory Grp., Inc.*, No. JFM-13-40, 2016 WL 632025, at *11 (D. Md. Feb. 17, 2016) (holding that seven days was insufficient notice); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 686 (D. Nev. 1999) (holding that five days was insufficient notice to appear at a deposition); *Hall*, 2014 WL 1652791, at *11 (between 12 and nine days for non-party to produce documents unreasonable); *Nguyen v. Louisiana State Bd. of Cosmetology*, No. CV 14-80, 2016 WL 320152,

---

[1] The Movants' motion to quash is timely. *See Central States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, No. 06 CV 1205, 2009 WL 3255246, at *1 (N.D. Ill. Oct. 6, 2009) (holding that a motion to quash is "timely" under Rule 45(c)(3)(A) when it is filed on or before the date of compliance).

at *2 (M.D. La. Jan. 26, 2016) (eight and 16 days for non-party to produce documents unreasonable).

In this case, RTIC's subpoenas required compliance a mere eight or nine business days from service, which is not a reasonable amount of time. *Friedberg v. Madison Realty Investments, Inc.*, No. 1:16-mc-0003, 2016 WL 1562948, *2 (S.D. Ohio April 18, 2016) (eleven days and five business days to respond to subpoena seeking testimony unreasonable); *In re Stratosphere Corp.*, 183 F.R.D. at 686 (holding that five days not reasonable); *TRI,* 2011 WL 5330295, *2 ("Six total days and four business days not a reasonable time to comply with a subpoena and notice of deposition"); *Fid. & Guar. Life,* 2016 WL 632025, at *11 (seven days not reasonable); *Ike-Ezunagu,* 2010 WL 4822511, at *2 (eight days not reasonable); *Memorial Hospice,* 2008 WL 4844758, at *1 (eight days' notice not reasonable).

Moreover, because of their business commitments, none of the individuals are available for a deposition on the dates set forth in Defendants' subpoenas. (Ex. 21, Shull 11-23-2016 E-mail to Fish). All of the subpoenaed individuals are owners or operators of small businesses who need to focus on selling merchandise during one of the most important selling seasons of the year ―post-Thanksgiving and pre-Christmas. Mr. Brezina is the owner of Brezina's, which sells YETI products, outdoor products and other products. (Ex. 13, at 29, ¶B). Ms. Hudson is the co-owner and operator of Shallow Sport Boats, which sells YETI products and boating products, among other things. (Ex. 13, at 63, ¶1). Mr. Werme is the marketing and financial director of Ann Werme Group which specializes in selling promotional and executive gifts, (Ex. 13, at 70, ¶B), which are products particularly desired as holiday gifts.

Accordingly, Defendants' subpoenas to Messrs. Brezina and Werme and Ms. Hudson should be quashed because they did not permit a reasonable time for compliance, especially in view of the importance of the holiday season to small business owners and their unavailability.

4. **Modifying the Subpoenas Would Run Afoul of the Discovery Deadlines and Case Schedule Entered by the Western District of Texas Court**

The Court should exercise its discretion and quash the subpoenas rather than modifying them. *Tiberi v. CIGNA Ins. Co.*, 40 F.3d 110, 112 & n.4 (5th Cir. 1994) ("The choice to quash or modify is in this Court's discretion"); *see also* Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply …").

Modifying the subpoenas to provide more time for Messrs. Brezina and Werme and Ms. Hudson to comply would impermissibly provide an end-run around the discovery deadline in the underlying action in the Western District of Texas and jeopardize the case schedule for dispositive motions. *See Hernandez v. City of Corpus Christi,* No. C-10-186, 2011 WL 2194254 (S.D. Tex. June 6, 2011) ("It is well established that a party may not use Rule 45 subpoenas duces tecum … to circumvent a discovery deadline."). As noted above, discovery in the underlying action closes on December 6, 2016 and the deadline to serve dispositive motions and *Daubert* motions is December 19, 2016. (Ex. 2, ECF No. 145). Modifying the subpoena would result in non-party depositions occurring after the close of fact discovery contrary to the issuing court's scheduling order. *Cf. Dixon v. Greyhound Lines, Inc.*, No. 13-179-JWD, 2014 WL 6474355, (M.D. La. Nov. 19, 2014) ("Although it was served 6 days before the expert discovery deadline, the subpoena was untimely as it required compliance outside of the September 2, 2014 deadline."). Thus, Defendants' subpoenas should not be modified, because doing so would

result in untimely discovery at odds with the case schedule entered by the court overseeing the underlying action. Instead, the subpoenas should be quashed for the reasons stated herein.

Dated: December 5, 2016                    Respectfully submitted,


                                                By: /s/ *Kevin J. Meek*
Kevin J. Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2639
Facsimile: (512) 322-8385

Joseph J. Berghammer (of counsel)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Michael L. Krashin (of counsel)
Illinois Bar No. 6286637
mkrashin@bannerwitcoff.com
Timothy J. Rechtien (of counsel)
Illinois Bar No. 6293623
trechtien@bannerwitcoff.com
Victoria R. M. Webb (of counsel)
Illinois Bar No. 6307279
vwebb@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
10 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR KYRA HUDSON, BRANDON BREZINA, AND RUSSELL WERME, JR.**

## CERTIFICATE OF CONFERENCE

Counsel for the parties conferred in a good-faith attempt to resolve this matter pursuant to Fed. R. Civ. P. 37(a)(1), and Local Rule 7.1(D) , but no agreement could be reached. One of the counsel for Messrs. Brezina and Werme and Ms. Hudson, Victoria Webb, conferred in good faith via electronic mail with counsel for Defendants in the pending Western District of Texas litigation on this issue on December 5, 2016.  The parties could not reach agreement on these issues

/s/ Victoria R. M. Webb

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2016, I caused the foregoing document to be electronically filed with the Clerk of the court pursuant to the Electronic Filing Procedures and using the CM/ECF system, and that a true and correct electronic copy was served by on Defendants by emailing it to the following counsel of record for Defendants in *YETI Coolers, LLC v. RTIC Coolers, LLC et al,* 1:15-cv-597-RP (W.D. Tex.):

>Bailey K. Harris
>bharris@fr.com
>Jackob Ben-Ezra
>ben-ezra@fr.com
>FISH & RICHARDSON P.C.
>1221 McKinney, Suite 2800
>Houston, TX 77010
>
>Neil J. McNabnay
>mcnabnay@fr.com
>P. Weston Musselman, Jr.
>musselman@fr.com
>Ricardo J. Bonilla
>rbonilla@fr.com
>Thomas M. Melsheimer

10

melsheimer@fr.com
Natalie Terhune Arbaugh
arbaugh@fr.com
Michael A. Bittner
bittner@fr.com
Katrina Gallagher Eash
eash@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201

W. Thomas Jacks
jacks@fr.com
FISH & RICHARDSON P.C.
111 Congress Avenue, Suite 810
Austin, TX 7870

Sara Fish
sfish@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street, NE
Atlanta, GA 30309

Elizabeth Brenckman
brenckman@fr.com
FISH & RICHARDSON P.C.
601 Lexington Ave., 52nd Floor
New York, NY 10022

Sheryl Koval Garko
garko@fr.com
Mark S. Puzella
puzella@fr.com
Fish & Richardson P.C.
One Marina Park Drive
Boston, MA 02210-1878

William Rueger Poynter
wpoynter@kaleolegal.com
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462

/s/ *Kevin J. Meek*
FOR Kyra Hudson, Brandon Brezina, and Russell Werme, Jr.

11